UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN SURABIAN and RICHARD SURABIAN,<br>    Plaintiffs<br><br>v.<br><br>EMC MORTGAGE CORPORATION, WELLS FARGO BANK, NATIONAL ASSOCIATION as TRUSTEE for the CERTIFICATE HOLDERS of STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., GREENPOINT MTA TRUST 2005-AR2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR2, DAVID A. SIMPSON, P.C. and KELLAM & PETTIT, P.A.,<br>    Defendants. | Civil Action No. 1:12-cv-11488-JCB |

MOTION BY DEFENDANTS SIMPSON AND KELLAM
TO DISMISS COMPLAINT

Defendants David A. Simpson ("Simpson") and Kellam & Pettit, P.A. ("Kellam & Pettit") (together, "Movants") hereby move to dismiss the Complaint pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure.

    A.    <u>Procedural History</u>

This action arises out of the foreclosure and judicial sale of real property at 810 Tarpon Drive in Wilmington, North Carolina, formerly owned by Steven Surabian and Richard Surabian ("Plaintiffs"). The Complaint contains the following factual allegations which Movants accept as true for the purpose of this motion.

    1.    On March 29, 2005, Steve Surabian executed a promissory note ("Note"). Doc 1 Page 2 of 5, para. 2 (Plaintiff's Complaint). A Deed of Trust as to that Note was recorded on April 1, 2005 in Book 4741 at Page 705 of the New Hanover County Public Registry at North Carolina. Doc 1-9, Page 1 of 3 (Notice of Hearing on Foreclosure of Deed of Trust); Doc 1-5,

1

Page 1 of 1 (Assignment of Deed of Trust).  At the time of the recording of the Deed of Trust the creditor was Greenpoint Mortgage Funding, Inc.  Doc 1-5, Page 1 of 1.

2. On and after July 1, 2008, Plaintiffs were in default for the Note secured by Deed of Trust on the real property located at 810 Tarpon Dr. Wilmington, NC, 28409.  Doc 1-7, Page 1 of 1 (Default Notice).  Plaintiffs remained in default as of March 6, 2009.  Doc 1-8 (Default Notice).

3. On and after March 6, 2009 one or more of the defendants notified the Plaintiffs that they were in default under the terms and conditions of a Note executed by the Plaintiffs on or about May 1, 2005 in the principal amount of $280,000.00.  Doc 1-8, Page 1 of 1.

4. On March 17, 2009, Greenpoint Mortgage Funding, Inc. assigned the Deed of Trust to Wells Fargo Bank National Association as Trustee for the Certificate holders of Structured Asset Mortgage Investments II, Inc., Greenpoint MTA Trust 2005-AR2, Mortgage Pass-through Certificates, Series 2005-AR2.  Doc 1-5, Page 1 of 1 (Assignment).

5. On or by April 23, 2009 one or more lenders commenced foreclosure proceedings against the Plaintiffs.  Doc 1-9, Page 1 of 3 (Notice of Hearing).  The security interest being foreclosed upon was the Deed of Trust granted by the Plaintiffs to secure the indebtedness to GreenPoint Mortgage Funding, Inc. in the principal amount of $280,000.00 as recorded on April 1, 2005, in Book 471 at Page 705 of the New Hanover County Public Registry.  Id.  The real property securing the Deed of Trust was located at 810 Tarpon Dr., Wilmington, NC, 28412.  Id.

6. On May 4, 2009, Plaintiffs wrote to Movants requesting information with regard to verification of the Note.  Doc 1, Page 3 of 5, para. 10 (Plaintiffs' Complaint).  On May 8, 2009, Movants responded to that request and provided Plaintiffs with detailed information and

attachments related to the Note. Doc 1, Page 3 of 5, para. 12 (Plaintiffs' Complaint); Doc 1-12, Page 1 of 2 (Defendants' Responses).

7. Movants' letter informed the Plaintiffs that the principal sum of the Note executed on March 29, 2005 was $280,000.00. Doc 1-12, Page 1 of 2. The Movants identified the Deed of Trust and identified the real property used to secure the Deed of Trust as at 810 Tarpon Dr., Wilmington, NC 28412. Id.

8. Movant David A. Simpson in 2009 was named the Substitute Trustee in connection with foreclosure proceeding in North Carolina. Doc 1-9, Page 1 of 3 (Notice of Hearing). The Notice of Foreclosures asserts non payment of a Note in the amount of $280,000.00 dated March 29, 2005. Doc 1-9, Page 1 of 3.

9. On July 15, 2009, a hearing on the Foreclosure of Deed of Trust was held in North Carolina. Doc 1, Page 3 of 5, para. 16 (Plaintiffs' Complaint). After the hearing, the Clerk of Superior Court for New Hanover Country ("Clerk of Superior Court") issued an order permitting the Substitute Trustee to proceed with foreclosure and sale of the property. Doc 1, Page 3 of 5, para. 17; Doc 1-15, Page 1 of 1 (Order of Clerk of Superior Court).

10. The Plaintiffs filed a Notice of Appeal to the North Carolina Superior Court on July 20, 2009. Doc 1, Page 3 of 5, para. 19; Doc 1-17, Page 2 of 3 (Notice of Appeal filed by Plaintiffs). The North Carolina Superior Court held an appellate foreclosure hearing on August 3, 2009. Doc 1, Page 4 of 5, para. 27 (Plaintiffs' Complaint); Doc 1-18 (Superior Court Calendar Request).

11. The North Carolina Superior Court found that the Plaintiffs on or about March, 29, 2005 executed and delivered Note in the principal sum of $280,000.00 to GreenPoint Mortgage Funding, Inc.; that the Plaintiffs on or about March 29, 2005 executed a Deed of Trust

granting a lien upon the real property described in the Deed of Trust.  Doc 1-23, Page 1, 2 of 3 (Superior Court Order).

12.     The North Carolina Superior Court issued an Order dated August 5, 2009 denying the Plaintiffs' appeal and affirming Clerk of Superior Court's July 15, 2009 ruling.  Doc 1-23, Page 1, 3 (Superior Court Order).  A Report of Foreclosure and Sale was filed with the Clerk on August 5, 2009.  Doc 1, Page 4 of 5, para. 30 (Plaintiffs' Complaint); Doc 1-24, Page 1 of 1 (Report of Foreclosure Sale/Resale).  Plaintiffs do not allege any further appeal.

13.     The Plaintiffs filed this civil action in the United States District Court for the District of Massachusetts on August 8, 2012, more than three years after August 5, 2009.  Doc 1, Page 1 of 5 (Plaintiffs' Complaint).

### B.     Standard of Review for Rule 12(b)(6) Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory."  Gooley v. Mobile Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988).  A complaint "must allege a plausible entitlement to relief[.]"  Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007).  It "must provide the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient to raise a right to [this] relief above the speculative level."  Garcia-Parra v. Puerto Rico, 616 F.Supp.2d 206, 208 (D.P.R. 2009).[1]

---

[1] In evaluating factual allegations of a complaint in deciding a motion to dismiss, this Court may consider documents attached to the complaint as exhibits.  Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998) (when the factual allegations of a complaint revolve around a document whose authenticity is unchallenged, "that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss").

4

In <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), the United States Supreme Court held that a complaint, when challenged, requires pleading of "enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 570. Under <u>Twombly</u>, "a plaintiff's obligation to provide the grounds of his entitlement "to relief" requires more than labels and conclusions." <u>Id.</u> at 555. Even a <u>pro se</u> plaintiff must do more than allege conclusory statements to support a claim. <u>Chongros v. Bd. Of App.</u>, 811 F.2d 36 (1st Cir. 1987) ("A <u>pro se</u> litigant must still allege facts that establish all the elements of his claim"). Plaintiffs must allege facts which raise "above the speculative level" their right to relief. <u>Twombly</u>, <u>supra</u>, 550 U.S. at 555. A complaint will not survive review if it only contains "'naked assertion[s]' devoid of further 'factual enhancement.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Plaintiffs must plead sufficient facts to show a claim for relief "plausible on its face." <u>Id.</u> at 570.

A claim has "facial plausibility" only if a plaintiff pleads "sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u> at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> A complaint falls short of the plausibility standard where a plaintiff pleads facts that are "merely consistent with" a defendant's liability. <u>Id.</u> This Court also need not credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating a complaint. <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996); <u>see</u> <u>Estate of Bennett v. Wainwright</u>, 548 F.3d 155, 162 (1st Cir. 2008) (on a motion to dismiss, a court should "reject unsupported conclusions or interpretations of law.").

C.  <u>Argument</u>

1.  <u>Plaintiffs' Complaint Fails to Meet Rule 12 Pleading Standards</u>

Plaintiffs in this civil action purport to assert claims related to allegedly unlawful foreclosure proceedings in North Carolina involving land in North Carolina.  The Complaint, at the top of the first page to the right of the caption refers to "unlawful foreclosure by fraud," "unlawful evection[<u>sic</u>]," and "emotional distress."  Foreclosure by fraud and emotional distress are mentioned once again in the final paragraph of the text of the Complaint.  These labels or claims are not, by the text of the Complaint, identified as liabilities of any specific defendant.  Movants on this motion assume that all allegations are made against all of the seven named defendants.

(i)  <u>Unlawful Foreclosure by Fraud</u>

Plaintiffs' allegations that the foreclosure was unlawful must be dismissed because the Plaintiffs assert no fact to support their claim in the complaint other than to invoke the words "foreclosure by fraud" at the top of the front page to the right of caption.  Doc 1, Page 1of 5 (Plaintiffs' Complaint).  Such unsupported and conclusory allegations cannot survive a motion to dismiss under the standard set in <u>Twombly</u>.  Plaintiffs have an "obligation to provide the grounds of [their] entitlement to relief."  <u>Twombly</u>, 550 U.S. at 555.  Plaintiffs fail to articulate a cognizable claim.  They make no specific allegation that either Movant did anything illegal or actionable.  Plaintiffs fail to say what Movants failed to do or did wrongfully in or as to the foreclosure proceedings or what action(s) on the part of Movants they allege constitute "fraud."  Any putative claim for "unlawful foreclosure by fraud" should be dismissed.

(ii)  <u>Unlawful Eviction</u>

Plaintiffs' claim of unlawful eviction must be dismissed.  The caption of Plaintiffs' Complaint lists a cause of action for "unlawful evection" [<u>sic</u>].  Doc 1, Page 1 of 5 (Plaintiffs'

6

Complaint).  The text of the Complaint, however, does not provide sufficient factual content to support this allegation or provide grounds of entitlement to relief.  <u>Twombly</u>, 550 U.S. at 555.  Any putative claim is subject to dismissal.

(iii)     <u>Emotional Distress</u>

Plaintiffs' claim for emotional distress must be dismissed because it fails as a matter of law.  Courts have uniformly held that the exercise of a right to foreclose after a borrower's default does not constitute "extreme" or "outrageous" conduct needed to plead an emotional distress claim.  <u>In re Fernandes</u>, No. 10-17925-FJB, 2011 WL 322017 (Bankr. D. Mass, Jan 31, 2011) (holding that a bank's exercise of "what it believed was its right to foreclose in the face of protestations to the contrary by the mortgagor . . . cannot constitute 'the extreme and outrageous conduct' that is required."); see <u>Davenport v. Litton Loan Servicing, LP</u>, 2010 WL 3218592 (N.D. Ca. 2010) ("where a lending party in good faith asserts its rights to foreclose according to contract . . . its conduct falls shy of 'outrageous,' however wrenching the effects on the borrower."); <u>Lachenmaier v. First Bank Systems, Inc.</u>, 246 Mont. 26, 35 (1990) ("the Bank in this case cannot be said to have acted 'beyond all possible bounds of decency' where it exercised a legal right to foreclose on the mortgage and notes."); <u>Weiler v. United States Sav. Ass'n of Texas</u>, 887 S.W.2d 155, 159 (Tex. App. Ct. 1994) ("Clearly a foreclosure sale that complies with the terms of the loan agreements and applicable law would not justify a claim for intentional infliction of emotional distress . . . [the creditor] does not commit a tort if [it] does no more than insist on [its] legal rights in a permissible way."); <u>East River Sav. Bank v. Steele</u>, 169 Ga. App. Ct. 9, 10 (1983) (alleged wrongful foreclosure does not constitute intentional infliction of emotional distress).

(iv)  <u>Loss of Income</u>

Plaintiffs' claim for loss of income must be dismissed.  The Complaint refers to "loss of income" under the caption.  The text of the Complaint makes no specific allegation of wrongdoing by either Movant to cause any such loss of income.  Loss of income is a type of damages, not a claim.  This putative claim for "loss of income" cannot survive Rule 12(b)(6) review.

(v)  <u>Lack of Notary Seal</u>

Plaintiffs during the foreclosure proceedings argued that the loan documents lack a notary seal on each page.  Doc 1, Page 3 of 5, para. 16 (Plaintiffs' Complaint).  Movants cannot locate case law invalidating a mortgage that has not been notarized on each page.  That issue, in any event, has been raised and adjudicated.  <u>Id.</u>  This apparently empty allegation by these Plaintiffs is not novel to this Court.  See <u>Surabian v. HSBC Bank USA NA et al.</u>, Civil Action 11-10053-DPW (D. Mass., March 26, 2012) (Memorandum and Order dismissing complaint by one of these plaintiffs for wrongful foreclosure, loss of property and emotional distress.)  Plaintiffs after default on secured residential loans have unsuccessfully attempted in this court to have other mortgage foreclosure actions set aside for the same or similar reasons, with no success.  See <u>Surabian v. HSBC Bank USA, NA as Trustee Sequoia Mortgage Trust 2004-6</u>, 1:10-cv-10643-RWZ (USDC Mass.)(motion to dismiss granted on March 26, 2012); <u>Surabian et al. v. Residential Funding Company, LLC</u>, 1-10-cv-10546-NG (D. Mass.) (motion to dismiss granted May 7, 2010; affirmed by the First Circuit on Sept. 29, 2011; cert. denied, May 23, 2012); <u>Surabian et al. v. HSBA Bank USA, NA</u>, 1-11-cv-10053-DPW (D. Mass.) (motion to dismiss granted May 10, 2010; appeal dismissed April 29, 2011).

2. <u>The Complaint is Barred by the Rooker-Feldman Doctrine</u>

The same result, failure to state a cause of action cognizable in this Court, follows from application of the doctrine of federalism developed in or known as the Rooker-Feldman line of cases. That doctrine teaches that federal district courts are prohibited from asserting original subject matter jurisdiction as to any matter which has been the subject of a final adjudication in a state court involving the same issues and claims. See <u>District of Columbia Court v. Feldman et al.</u>, 460 U.S. 462, 103 S.Ct. 1303, 1315 (1983) and cases there. This civil action is the subject of a final state court adjudication. Doc 1-23, Page 2 of 3 (North Carolina Superior Court Order). Virtually everything alleged in the Complaint relates to a prior and concluded foreclosure action in the State of North Carolina which was the subject of an appeal to an intermediate court. There is no record of any further appeal or proceedings in 2009 and later.

The Rooker-Feldman line of cases prohibits federal district courts and federal circuit courts from review of final state court orders and judgments. <u>Mandel v. Town of New Orleans</u>, 326 F.3d 267 (1st Cir. 2003). Rooker-Feldman "bars jurisdiction whenever parties who lost in state court seek review and rejection of that judgment in [a] federal [district] court." <u>Miller v. Nichols</u>, 586 F.3d 53, 58 (1st Cir. 2009).

Plaintiffs' claims rely entirely on facts or allegations as to the North Carolina foreclosure proceedings. The relief sought in this Complaint is review and rejection of those proceedings. The specific relief requested in this Complaint is that an order be entered finding: (1) a $32,000 note was paid in full; (2) all other notes attached to the Surabians' signatures are void; (3) punitive damages [sic] be paid for loss of use and emotional distress caused by the unlawful foreclosure and fraud of Plaintiffs' property; and (4) that the foreclosure and foreclosure deed are void. Doc 1, Page 4 of 5 & Page 5 of 5 (Plaintiffs' Complaint). All of these forms of relief

require review and rejection of the final judgment of the North Carolina Court. All are barred by the Rooker-Feldman line of cases.

Rooker-Feldman line of cases forbid a "losing party in state court to file a suit in federal district court – after the state proceeding has ended – to complain of an injury caused by the state-court decision and seek review and rejection of the state-court judgment." Exxon Mobil Corp v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). "A federal claim is inextricably intertwined with state court claims if the federal claim succeeds only to the extent that the state court wrongfully decided the issues before it." Seehan v. Marr, 207 F.3d 35, 39 (1st Cir. 2000).

The North Carolina foreclosure proceeding ruled as to Plaintiffs' default on the Note. The remedy was foreclosure and sale of Plaintiffs' real property located at 810 Tarpon Dr. Wilmington, NC 28412. Doc 1-15, Page 1 of 1 (Clerk of Superior Court Order); Doc 1-23, Page 1, 3 (Superior Court Order). Plaintiffs ask this Court to void those final North Carolina state court proceedings and judgment. That relief is specifically barred by Rooker-Feldman doctrine in this Court. Halvorsen v. Mendez, 246 B.R. 141, 146 (Bankr. D.P.R. 2000) (the Rooker-Feldman doctrine precludes a federal action if the relief sought in the federal court would effectively reverse the state court decision or void its holding).[2]

3.   The Complaint is Barred by Issue Preclusion

Plaintiffs' claims are barred by issue preclusion. Collateral estoppel, also known as issue preclusion, "precludes a party from relitigating issues that have been previously adjudicated.

---

[2] Rooker-Feldman has been addressed in this Circuit in the bankruptcy context. Vazquez v. Reo Properties Corp., 467 B.R. 550 (Bankr. D.P.R. 2012). The debtor brought an adversary proceeding against a mortgage creditor seeking determinations that a foreclosure in state court and subsequent sale of the property were both invalid. The debtor sought a judgment declaring the judicial sale null and void. The Bankruptcy Court held it lacked subject-matter jurisdiction under Rooker-Feldman. Id. at 555. Plaintiffs here seek relief parallel to the relief denied in Vazquez.

10

The doctrine serves the twin goals of protecting litigants from the burden of relitigating an identical issue and "promoting judicial economy by preventing needless litigation." Rodriguez-Garcia v. Miranda-Marin, 610 F.3d 756, 770 (1st Cir. 2010). Mutuality, which requires the same parties be privies, is no longer needed to assert collateral estoppel. Fiumara v. Fireman's Fund Ins. Cos., 746 F.2d 87, 92 (1st Cir. 1984). Instead, the pivotal issue is "whether a party has had a full and fair opportunity for judicial resolution of the same issue." Id.

Defensive issue preclusion is permitted when a "defendant seeks to prevent a plaintiff from relitigating an issue the plaintiff has previously litigated unsuccessfully in another action against a different party." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979). Defensive non-mutual issue preclusion bars this Complaint. The foreclosure and sale of the Plaintiffs' property was fully adjudicated in the state court action, and the Plaintiffs had a "full and fair opportunity for judicial resolution."

The Plaintiffs admit that a hearing on the foreclosure of the deed of trust took place on July 15, 2009; that they filed a response to the Notice of Hearing; that they were present at the hearing, and they presented evidence to the Court. Doc 1, Page 3 of 5, para. 11, 16. Doc 1-10, Page 2 of 2 (Defendant's [sic] Answer to Notice of Hearing on the Foreclosure of Deed of Trust). After the North Carolina Clerk of Superior Court issued an order of foreclosure, the Plaintiffs sought appellate review of that order by filing a Notice of Appeal to the North Carolina Superior Court. Doc 1, Page 3 of 5, para. 19 (Plaintiff's Complaint); Doc 1-17, Page 2 of 3 (Notice of Appeal). On August 3, 2009, the North Carolina Superior Court held the appellate foreclosure hearing and issued an Order denying the Plaintiffs' appeal and affirming the Clerk of Superior Court's July 15, 2009's Order. Doc 1-23, Pages 2, 3 (North Carolina Superior Court Order). Plaintiffs seek to have those same issues litigated again in the United States District

11

Court by filing this civil action in the United States District Court of Massachusetts.  Defensive issue preclusion forbids that.  Acevedo-Garcia v. Monroig, 351 F.3d 547, 574 (1st Cir. 2003) ("permitting litigants to assert collateral estoppel in a defensive pose promotes efficiency by discouraging speculative lawsuits and conserving the resources of defendants").

       4.      <u>Movants Are Entitled to Attorney Immunity</u>

Movants are immune from liability for the conduct that Plaintiffs allege.  Movants performed all of their services related to this matter in North Carolina, North Carolina law thereby governs.[3]  North Carolina Courts are hesitant to hold attorneys liable for actions that affect non-client third-parties when the third-parties are not in privity with the attorneys by reason of an employment contract.  Great-West Life & Annuity Ins. Co. v. Bullock, 202 F.Supp.2d 46, 464 (E.D.N.C. 2002).  The rationale is that duty runs only to the client, and "if mere negligence in protecting the rights of an adverse party becomes the standard of liability, attorneys will be fearful of instituting lawsuits on behalf of their clients."  Petrou v. Hale, 43 N.C.App. 655, 661 (1979).[4]

Massachusetts law is similar in protecting attorneys in litigation absent allegations or proof present of alleged herein; "[t]he public policy of permitting attorneys complete freedom of expression and candor in communications in their efforts to secure justice for their clients." Sriberg v. Raymond, 345 N.E.2d 882 (1976).  In Raymond, the Court considered it "desirable to install a privilege where such statements are made by an attorney engaged in his function as an

---

[3] Choice of law is addressed at Point 6 below.
[4] Under Massachusetts law the rule is the same as to undivided loyalty.  Int'l Strategies Group, Ltd. v. Greenberg Traurig, LLP, 428 F.3d 1 (1st Cir. 2007) ("under Massachusetts law, an attorney only owes a duty of care to clients;" "an attorney's liability for negligence arises out of a duty owed to a client."); ITT Federal Services Corp. v. Anduze Montano, 474 F.3d 32 (1st Cir. 2007)("no independent duty to a non-client arises if such duty would potentially conflict with the duty the attorney owes to his or her client.").

attorney whether in the institution or conduct of litigation or in conferences and other communications preliminary to litigation." Id. at 109, 345 N.E.2d 882. The privilege "is absolute . . . provides a complete defense even if the offensive statements are uttered maliciously or in bad faith . . . [and] protects the maker from any civil liability based thereon." Doe v. Nutter, McClennen & Fish, 668 N.E.2d 1329 (1996); But see Restatement, Torts (Second) § 674, Comment (d). ("If . . . the attorney acts without probable cause for belief in the possibility that the claim will succeed, and for an improper purpose, . . . he is subject to the same liability as any other person").

   5. <u>Plaintiffs' Claims Are Barred by the Applicable Statute(s) of Limitations</u>

Even if this Court finds that Plaintiffs have made plausible claims that would survive Rule 12(b)(6) scrutiny, Plaintiffs' claims are subject to dismissal as barred by applicable statute(s) of limitations.

(i) <u>Tort-Based Claims</u>

Plaintiffs' tort-based claims against the defendants are barred by the applicable statute of limitations. Under Massachusetts law, "actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commended only within three years next after the cause of action accrues." Mass. Gen. Laws ch. 260, §2A (2013). This three-year statute of limitations also applies to claims for intentional infliction of emotional distress. Mellinger v. West Springfield, 401 Mass. 188, 515 N.E.2d 582 (1987). The knowledge or discovery for the basis of a claim "accrues at the time plaintiff is injured," and plaintiff need not know full extent of injury, just that event or events have occurred that are reasonably likely to put plaintiff on notice that he has been harmed." Stark v. Advanced Magnetics, Inc., 50 Mass. App. 266, 736 N.E.2d 434 (2000). See Joseph A. Fortin Constr., Inc. v. Massachusetts Housing Finance Agency, 392 Mass.

400, 466 N.E.2d 514 (1984) (tort causes of action generally accrue at the time plaintiff is injured).

The North Carolina Superior Court on August 3, 2009 issued its Order denying Plaintiffs' appeal and affirming the Order permitting the substitute trustee to proceed with the foreclosure and sale of the property on August 3, 2009.  Doc 1, Page 4 of 5, para. 29 (Plaintiffs' Complaint); Doc 1-23, Page 1, 3 (North Carolina Superior Court Order).  The Report of Foreclosure and Sale was filed with the Clerk on August 5, 2009.  Doc 1, Page 4 of 5, para. 30 (Plaintiffs' Complaint); Doc 1-24, Page 1 of 1 (Report of Foreclosure Sale/Resale).  On August 5, 2009, Plaintiffs were aware that events had occurred and that the events allegedly had caused them harm.  Plaintiffs did not commence this action until August 8, 2012 more than three years later.  All Their tort-based claims are barred by the statute of limitations.

(ii)     Fraud-Based Claims

Plaintiffs' fraud-based claims against the defendants are barred by likewise time.  Plaintiffs vaguely allege fraud against all Defendants.  All such claims should be dismissed as outside the statute of limitations period.  M.G.L. Ch. 260 § 2A, sets a three-year statute of limitations period, which applies to actions for false and fraudulent representations.[5]  Brackett v. Perry, 201 Mass. 502, 87 N.E. 902 (1909).

Plaintiffs assert that the time they first learned of the $280,000.00 Deed of Trust on the subject property was on May 8, 2009.  Doc 1, Page 3 of 5, para. 12 (Plaintiff's Complaint).  At the hearing on July 15, 2009, Plaintiffs admittedly challenged the validity of the Deed, claiming

---

[5] Fraud-based claims under North Carolina law are also governed by a statute of limitations of three years.  N.C. Gen. Stat. Ann. § 1-52 (9) ("Within three years, an action for relief on the ground of fraud or mistake; the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting fraud or mistake."); Thurston Motor Lines v. General Motors Corp., 258 N.C. 323, 128 S.E.2d 413 (1962) (in general a cause of action accrues as soon as the right to institute and maintain a suit arises).

that the Deed "was not what he [Steven Surabian] signed." Doc 1, Page 3 of 5, para. 16 (Plaintiff's Complaint).  At the earliest date May 8, 2009, or at the latest by August 5, 2009 Plaintiffs had knowledge of a claim.  Plaintiffs failed to bring these claims within the time required by the applicable statutes of limitations.

      6.    <u>Choice of Law Rules Support Dismissal</u>

The purchase of land and the foreclosure action took place in North Carolina.  This case is filed in the United States District Court for the District of Massachusetts, allegedly under federal question jurisdiction.  <u>See</u> <u>cover sheet.</u>

No choice of law analysis is necessary unless the choice will affect the outcome of the case or this motion.  <u>Cohen v. McDonnell Douglas</u>, 389 Mass. 327, 332 n.7 (1983).  Movants are not able to identify, at this time, any outcome-determinative differences between or among the laws of Massachusetts or North Carolina or South Carolina (the location of the Simpson and Kellam firms) for the purposes of choice of law on this motion.

The Complaint purports to raise a federal question.  <u>See</u> <u>cover sheet.</u>  If so, the usual choice of law would depend on federal conflicts of law principles.  <u>Edelmann v. Chase Manhattan Bank</u>, 861 F.2d 1291, 1294 (1st Cir. 1988).  Kellam and Simpson are not able to identify any federal question asserted in the Complaint.  The causes of action identified in the Plaintiffs' complaint (unlawful foreclosure by fraud, unlawful eviction, and emotional distress) appear to be cognizable, if at all, under state law.  When this Court has federal question jurisdiction over cases involving primarily pendent state law claims, a strong argument can be made that state choice of law rather than federal choice of law governs the rule of decision. <u>Heinrich v. Sweet</u>, 49 F. Supp. 27 (D. Mass. 1999) (Young, J).

The appropriate choice of law in this case is the law of the State of North Carolina. North Carolina is where the land was located. North Carolina state courts, including one intermediate court of appeal, decided the foreclosure proceeding which is at the center of the Plaintiffs' Complaint. If Massachusetts law were to be applied as if this were an action in diversity jurisdiction, Massachusetts law would support application of North Carolina law under the "functional" analysis used in Massachusetts. <u>Bushkin Assoc. v. Raytheon Co</u>, 393 Mass. 622, 631(1985); <u>Great Clips v. Hair Cuttery</u>, 2009 WL 458554 (D. Mass. 2009) (Woodlock, J.)

D.  <u>Conclusion</u>

Movants Simpson and Kellam request that the Complaint be dismissed and that they be granted other appropriate relief.

>Respectfully submitted,
>
>KELLAM & PETTIT, P.C.
>By its attorneys,
>
>/s/Paul G. Boylan
>Paul G. Boylan, BBO #052320
>Ben N. Dunlap, BBO #661648
>LeClairRyan, *A Professional Corporation*
>One International Place, 11th Floor
>Boston, MA  02110
>(617) 502-8200
>(617) 502-8201 fax
>Paul.Boylan@leclairryan.com
>Ben.Dunlap@leclairryan.com

Dated:  June 28, 2013

CERTIFICATE OF SERVICE

The undersigned as counsel of record certifies that this document was filed through and sent electronically by the ECF System to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: June 28, 2013                                /s/Paul G. Boylan

288552                                17