UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

STEVEN SURABIAN and
RICHARD SURABIAN,
   Plaintiffs ,

v.

EMC MORTGAGE CORPORATION,
WELLS FARGO BANK, NATIONAL
ASSOCIATION as Trustee for the
Certificateholders of Structured Asset
Mortgage Investments II Inc.,
Greenpoint MTA Trust 2005-AR2,
Mortgage Pass-Through Certificates,
Seties 2005-AR2,
DAVID A SIMPSON, P.C., and
KELLIAM & PETTIT, P.A.,
   Defendants.

CIVIL ACTION No. 12-11488-WGY

**PLAINTIFFS RULE 60 MOTION**

FILED IN CLERKS OFFICE
U.S. DISTRICT COURT
DISTRICT OF MASS.
NOV 24 PM 2 00

---

   **NOW COMES**, plaintiffs Richard Surabian and Steven Surabian's Motion for Relief from a Judgment or Order pursuant to Rule 60, Fed. R. Civ. P. From December 5, 2013 ORDER William G. Young, District Judge and from ORDER OF DISMISSAL, <u>YOUNG DJ</u>, December 06, 2013 Order in accordance with the Court's allowance of the defendant's motions to dismiss on December 5, 2013, it is hereby ORDERED that the above-entitled action be and hereby is dismissed, Matthew A. Paine Deputy Clerk. In Support is the following:

1. Rule 60 (b)(1)&(6) Allows this Court on Motion, to relieve a party from a final judgment or order for any other reason that justifies relief.

2. Rule 60(c)(1)(2) allows a motion under Rule 60(b) must be made within a reasonable time, no more than a year after the entry of the judgment or order or the date of the proceeding.

3.  The foregoing Motion is within one year from the entry of the judgment or order or date of proceeding.

4.  The movers of this motion was waiting for the Court, on its own to grant relief, pursuant to Rule 60(a).

5.  Plaintiffs Richard Surabian and Steven Surabian could not find counsel Pro Bono and this being a case involving the public good, because it has been shown that over these past seven years, mortgage Companies have been shown to have committed fraud involving their involvement in giving and selling fraudulent loans, which the Plaintiffs claim happened to them.

6.  The Order dated December 5, 2013 indicated the Plaintiffs informed the Court that they would like to retain counsel and were given only thirty days to do so, which they could not in that time or possibly any time.

7.  The Court then ruled on the Pending Motions to dismiss and ruled this Court lacks subject-mater jurisdiction on this case, per the Rooker-Feldman doctrine, but the Court failed to address the Issue that the Plaintiffs were not given fair and just proceeding which would void the Rooker-Feldman doctrine regarding the Plaintiffs treatment in the North Carolina Courts.

8.  Plaintiffs' Opposition to Motion by Defendants two Motions to Dismiss Plaintiffs' Complaint pages 1 through 34, shows that the North Carolina Court proceedings were not fair and were prejudicial toward the Plaintiffs, Defendants in North Carolina.

9.  The Surabians, executed a promissory note of $32,000.00 which the Defendants in this Court on June 28, 2013 for the first time acknowledged that the promissory note ("Note")

was for only $32,000.00. Opposition page 2, #1. This clearly shows that in North Carolina

the Defendants, then the Plaintiffs committed fraud in the North Carolina Court.

10. If the Defendants in July 2008 acknowledged that the Note was only for $32,000.00, this

would have shown that the note was satisfied and they as plaintiffs would have no cause to

foreclose. The North Carolina foreclose proceedings in the Court was based on fraud on the

part of the defendants in this Court.

11. This <u>Complaint is not Bared by the Rooker-Feldman Doctrine</u>, the Plaintiffs Opposition to

the Motions to Dismiss address this issue which this Court failed to address in its Order. The

Plaintiffs **DID NOT** have a "full and fair opportunity for judicial resolution."

   **WHEREFORE**, because the Plaintiffs Richard Surabian and his brother Steven Surabian did

not have a full and fair opportunity for judicial resolution in the North Carolina court, this Court

should Vacate and reverse its Order that this Court lacks subject-matter jurisdiction on this case,

per the Rooker-Feldman doctrine as the Rooker-Feldman doctrine does not apply when there was

no full and fair opportunity for judicial resolution.

Steven Surabian Pro se                          Richard Surabian Pro se
1230 Rt. 28                                     P.O. Box 397
S. Yarmouth, MA 02664                           W. Hyannisport, MA 02672
(508) 688-4613                                  (508) 579-9734

### CERTIFICATE OF SERVICE

I certify that this 21st day of November, 2014, a true copy of the foregoing was served by 1st
class US mail postage prepaid on (i) Paul G. Boylan, LeClairRyan, One International Place, 11th
floor, Boston, MA 02110 and (ii) Mary Ellen Manganelli,Bulkley, Richardson and Gelinas, LLP,
125 High Street, Oliver Tower, 16th Floor, Boston, MA 02110.

Steven Surabian